18-0803, People of the State of Illinois, Appalooh, by Thomas Moreto v. Brandon Kindelspire, Appellant, by Demetrius Gullfuss. Mr. Gullfuss? Good afternoon, Your Honors. Demetrius Gullfuss. I'm from the Office of the State Appellate Defender, and I represent Brandon Kindelspire. May it please the Court, Counsel. Our single claim on appeal is that the State failed to prove beyond a reasonable doubt that Mr. Kindelspire violated Section 6 of SORA as the State alleged and argued in a trial court. There are three points that I hope to address today, Your Honors. The first is the standard review. The second is identifying the exact offense the State charged and argued below. And the third is why this Court should reverse Mr. Kindelspire's conviction outright, given the offense charged and what the trial judge found in this case. With respect to the standard review, this Court generally applies the common standard in reviewing claims of insufficient evidence. In most cases, this Court doesn't know the specific findings made by the trier of fact, be it the trial judge at a bench trial or the jurors at a jury trial. And in those circumstances, strict application of the common standard allows for deference to the unknown factual findings and credibility determinations of the trier of fact. However, in cases like this one, where we have a bench trial and the judge actually announces and makes known his specific factual findings, strict application of the common standard doesn't allow for deference. And the reason for that is because the common standard requires this Court to focus on the evidence and only the evidence. And when a judge actually makes factual findings and announces them, the Court needs to take those into consideration. Well, let me just, on that point, do we review a judge's decision or his judgment or his reasoning? You ultimately review his finding of guilt. But you do that in light of two things. Generally speaking, the evidence. But in cases where the judge announces credibility determinations, you have to look at those. Because ultimately, what the common standard and what the standard in Jackson v. Virginia is all about is deference to the trier of fact. So you have to look at those. And what courts are going to do is they say, we're going to defer to the trial judge's findings unless they're against the manifest weight of the evidence. And if you look at federal courts, they do something similar. They defer to the trial judge's findings of the bench trial unless there's clear error, unless they're clearly erroneous. And then, in light of those findings and credibility determinations, we apply the common standard. You evaluate the trial judge's ultimate finding of guilt using the common standard and in light of the factual findings made by the judge. Now, if for some reason a judge makes factual findings on one aspect of the offense and announces them, but doesn't announce other factual findings related to another element, then you would just apply the common standard normally. It would be essentially a hybrid test. With respect to the offense that was actually charged, and just to step back with respect to the standard review, I cited the Dixon case from the first district, which uses the standard that I'm asking this court to use. With respect to the offenses charged, the state charged two counts. The first count, the state alleged that Mr. Kindlesphere violated Section 6 of SORA by failing to notify law enforcement in Morris within three days of his leaving the residence. And that's what the trial judge in this case convicted Mr. Kindlesphere of. In other words, that doesn't even allege a crime. SORA does not require sex offenders to notify law enforcement simply because they've left the residence. That's not a requirement. With respect to Count 2, the state alleged that Kindlesphere again violated Section 6 of SORA by failing to notify law enforcement in Maison within three days of establishing a residence there. Well, the trial judge in this case acquitted Mr. Kindlesphere of Count 2. So even though we have a circumstance where Count 1 doesn't allege an offense at all and Mr. Kindlesphere was acquitted of Count 2, when we look at the indictment as a whole, when we consider this whole, it's clear that what the state was charging here was a violation of Section 6 of SORA for failure to notify law enforcement in both Morris and Maison of a change of address. That is the exact argument that the prosecutor made throughout the proceedings below. He made it at Kindlesphere's first appearance. He made it during an opening statement at trial, in response to a defense motion for a directed verdict, and again during opening and closing arguments. He even had the arresting officer in this case, Lieutenant Horry, testify about what SORA requires sex offenders to do when they change their address. Now, despite all of that, the state in its briefs to this court is arguing that, well, no, that's not what we charged. We charged Mr. Kindlesphere of violating Section 6 because he failed to notify law enforcement that he ceased having a fixed residence, which is an entirely different offense under Section 6, and it has entirely different elements. It's a different crime. With respect, the state is being incredibly disingenuous in light of the record. The record does not support that, and in fact, it contradicts that. The prosecutor spent the entire trial trying to convince the judge that Mr. Kindlesphere established a residence in Maison. The prosecutor never argued that he ceased having a fixed residence. What the state is doing in this case is it's changing its theory of the offense and appeal, and in doing so, it's asking this court to affirm a conviction on the basis of a crime that was never even charged. And the Supreme Court, as opposed to the United States and Illinois, have made very, very clear that that would be a due process violation. The reason why the state is changing its theory of the offense and appeal is because it knows it didn't prove Mr. Kindlesphere guilty of the offense it actually charged him with, given the trial judge's fine. Section 6 of SOAR requires sex offenders who change their residence to notify the law enforcement agency for which they last registered of the new address that they've changed to, and to also register that new address with the appropriate law enforcement agency, whether it be moving within the same jurisdiction or to another jurisdiction. The plain language of the statute in the case law is very clear. In order for the state to prove beyond a reasonable doubt that Mr. Kindlesphere violates Section 6, as is alleged in this case, they have to prove the specific address that he moved to. Simply proving that he was absent from his grandmother's house in Morris is not good enough. In my brief, I cited people versus Robinson from the 2nd District in support of that, and if you've read my brief and you've read Robinson, you'll notice that it's strikingly similar. You've got a grandparent involved telling the authorities that the defendant doesn't live here, you've got the defendant off in the state of Iowa working just as Mr. Kindlesphere did here. When the trial judge made his findings in this case and he announced them, he said that he wasn't able to determine where Mr. Kindlesphere moved to after he moved out of his grandmother's house, and the judge gave a reason for that. He said that although the state had presented evidence that Mr. Kindlesphere was living in Mazon, it also presented evidence that he was living in Seneca. And while the judge didn't say this in his findings, I'd also add that the state presented evidence that Mr. Kindlesphere was living out of his truck, was living out of his backpack, and was also living in Iowa. The state acknowledges all that in this brief. So I don't think we can say here that the judge's finding was against the math as to the evidence because it was based entirely on the record. The judge's inability to determine where Kindlesphere moved to was because of the uncertainty of the state's evidence. This finding was not arbitrary. It was not unreasonable. And to top it all off, the state on appeal doesn't even argue that that finding was against the math as to the evidence. The state in this case failed to prove an essential element of the offense, and for that reason, we respectfully request that this court reverse Mr. Kindlesphere's conviction outright due to insufficient evidence. And if your honors have any questions, I would be happy to answer them. Thank you. Thank you, Mr. Balthus. Mr. Rado, hand out. May it please the court, good afternoon, your honors, counsel. People take umbrage at saying that they are disingenuous in their approach to this case. It was my understanding, reviewing the record as cited in our brief, that count one of this charge was normally failed to notify in accordance with the provisions of the Sex Offender Registration Act that he failed to notify within three days of leaving his established residence in Morris, Illinois. The statute, 150-6, includes language if any person required to register under this article lacks a fixed residence or temporary domicile, he must notify in person the agency of jurisdiction of his or her last known address within three days after ceasing to have fixed residence. Was he charged with that? Yes. Normally failed to notify within three days of leaving his established residence. That's count one. That's what he was charged with. That's what the judge found. Just for the record, do you agree with the trial court's finding on count two? Well, no, but I, we cannot obviously appeal that because there's an acquittal on count two and therefore. But what the trial judge was saying was he did not necessarily prove, however he found that, that he did not establish a residence in Mason. But he had registered previously the address of his grandmother's in John Quill Lane in Morris, and his grandmother testified in relevant fact that she told the officers who came in March of 2014, it's like I told them to the best of my knowledge, it could have been three months, two months, or one month ago from the time that they were here. I couldn't remember. And this was when the people came to ask her when Defendant had moved out. Defendant himself testified that he was not, he was living out of a backpack, living out of his truck. His fiancee, girlfriend, testified she didn't know where he would go after he left. The evidence supports the trial judge's finding that he did not, he left his residence and was not residing with his grandmother, which was his registered address. And he didn't notify, the same, excuse me, address was still registered according to the testimony of Lieutenant Horry when he checked that it was still his grandmother's residence. Therefore, and as far as the standard of review goes, it is viewing the evidence in light, more favorable to state whether any rational trier of fact could find the defendant guilty, doesn't say whether the trial judge found the defendant guilty, or whether the jury found the defendant guilty, any rational trier of fact. Well, as you pointed out earlier, if the trial judge didn't find him guilty, we wouldn't be here. That's it. So it is reviewing the facts, not necessarily the reasoning of the trial judge. So if there are no other questions, we respectfully request this court affirm. So what specifically was Lieutenant Horry? He not only failed to notify the courthouse of the provisions of SORA chief of police within three days after leaving his established residence in Morris, Illinois. I read the portion of the statute that covers that. You have to notify them within three days of leaving. Thank you. Mr. Galtas at the bottom. Again, Your Honors, SORA does not require six offenders to report just because they've left the residence. The state is equating leaving with ceasing to have a fixed residence. That is not the same thing. SORA defines having a fixed residence as meaning having any place, any number of places a sex offender resides for five or more days in the calendar year. In contrast, not having a fixed residence means having no place to reside for five or more days in the calendar year. And that's what the appellate court said in People v. Leckie from Lewis v. Bishop. As that Leckie case states, I stated in my brief, someone can be homeless by the ordinary meaning of the word and still have a fixed residence. Even if we take the state as the word that they properly charged Mr. Kindlesphere with failing to report that he ceased having a fixed residence, the state didn't even prove that because there was no evidence in this case that Mr. Kindlesphere was kicked out of his grandmother's house or that he was no longer welcome there. In fact, at trial, that's where he was living again. He's an adult, right? He is. Didn't he say he didn't even have a key to the place? Correct. And there's a reason for that. And that's because of his past. He had had prior runs with the law and his grandmother didn't completely trust him. And what she told him was that if you are home before I'm asleep, you can come inside the house and you can sleep here. He had his own bedroom. He had his belongings there. But she said to him, if you come home and I'm not asleep, I'm not letting you in. You don't have a key. I'm not giving you one. You can sleep either in the car or you can sleep in the garage. And that's what he did when he didn't make it home in time to see his grandmother when she was sleeping. That doesn't mean he didn't have a fixed residence. That was his residence. And it remained his fixed residence because he stayed there all of January of 2014. That's where he lived. That's where his belongings were. That's where his mail was. That's where he slept. And there's no evidence in this case that he was no longer welcomed there or that he had gotten kicked out. And he returned there during trial. That's where he was living. And that's where he lives now. So what do you suppose the statute means when it says failure to notify after leaving? The statute doesn't say failure to notify after leaving. That's not an offense. It says any person who lacks, it involves a person who does not have a fixed residence, meaning they have nowhere to live for five more days in a calendar year. So if there was proof in this case that Mr. Kindlesphere was no longer welcome at his grandmother's home, was kicked out, was no longer welcome, and he had nowhere else to go, then he would have to report that he no longer had a fixed residence, that he ceased having that. But that's not the proof in this case. There's no evidence establishing that. The state charged this case as changing his address, moving from Morris into his girlfriend's home in Maison. That was what the state argued about. And, frankly, the prosecutor never even used the words fixed residence. He never argued that. He spent the entire trial trying to convince the judge that Kindlesphere moved into a home in Maison. And because the state's evidence on that was conflicting, the judge said, I can't make that finding. I'm finding that you were either in Maison or in Seneca, but I don't know which one because you didn't establish that. And, again, as far as the standard review goes, I mean, the judge made a finding. The judge is the trier of fact. And when you review claims of insufficient evidence, findings of fact are entailed as evidence. We're by a judge or a jury. I'm not asking you to look at the judge's reasoning. I'm asking you to look at the judge's finding that said, I'm finding that you moved out of your grandmother's house, you were either in Maison or in Seneca, I don't know where, because of the uncertainty in the state's evidence. That's a finding. Now, it's a finding, and the reasoning is, given that, you didn't prove me beyond a reasonable doubt because the judge ultimately erred as a matter of law because he thought the state didn't have to establish the specific address that he moved to, and that's wrong. Plain language of the statute says he has to. Case law says the state has to prove that. One minute. Are there any other questions of ours? I don't even know how to frame my question, but I do have one. Okay. You're saying that the state didn't prove that he ever left his grandmother's house, or just that the state didn't prove that he was never welcome to be there? I acknowledge that the state proved that he had moved out of his grandmother's house. The state presented evidence of that, and that's what the judge found. What the state did not prove was that, number one, where he moved to. The state charged him with moving to Maison. The state did not prove that. The trial judge found that the state did not prove that. I'm also arguing that the state did not prove that he was no longer welcome or that he was kicked out of his grandmother's home, such that his grandmother's home ceased being a fixed residence. Is there a difference between a residence and an abode? I'm not sure Section 6 uses the word abode. I think it uses residence. Generally speaking, no. The trial judge did make a finding that he no longer lived in Morris. Correct. But that's not good enough. Pardon? That's not good enough. So if Morris had been his established residence, or his register, and he failed to, you're saying the statute does not require him, if he leaves that as an established residence, that he's not required to report that? It depends how long he's gone for. Based on how the state charged it in this case... Within three days, right? Sure. Section 6 proposes all kinds of different reporting requirements. If he ceased having a fixed residence, he has to report that in three days. If he changes his address and moves from one address to another, he has to report that in three days. But the state didn't prove either one of those circumstances. It didn't prove it was charged that he moved to a different address, and it didn't prove that he ceased having a fixed residence, because his grandmother's house in Morris still remained a fixed residence. The case law, People v. Robinson, that I cited in my brief, states that someone can have more than one fixed residence. Again, a fixed residence is any and all places a sex offender resides for five or more days in the calendar year. Someone can have more than one fixed residence. His grandmother's house was a fixed residence, and there's no evidence in this case supporting the notion that it ceased being a fixed residence. And the point that I am trying to make to the court is, in order for it to cease being a fixed residence, there has to be evidence that he was no longer welcome there, that he couldn't live there anymore. And the evidence shows the exact opposite. He was living there at trial. He was still getting his mail there. He was welcome there. So even if the state did charge him with failing to report that he ceased having a fixed residence, the state failed to prove that as well. Thank you. Thank you both for your arguments here this afternoon. We'll take this matter under advisement that the disposition will be issued and will be in recess until 9 or 5 in the morning.